**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **RUDOLF D. WETZEL**, <br><br> Plaintiff, <br><br> v. <br><br> **NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a District of Columbia corporation; and, DOES ONE THROUGH FIFTY,** <br><br> Defendants. | Case No. 3:18-cv-05452-BHS <br><br> **PLAINTIFF'S MOTIONS IN LIMINE** <br><br> **NOTE ON MOTION CALENDAR: FEBRUARY 14, 2020** |

## RELIEF REQUESTED

Plaintiff, through his undersigned counsel, respectfully requests the Court enter orders *in limine* that instruct Defendant National Railroad Passenger Corporation d/b/a Amtrak (hereinafter "Amtrak"), its attorneys, and its witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, directly or indirectly, any of the issues set forth below. Plaintiff further moves the Court for an order that Defendant's attorneys direct, warn and caution each and every one of their witnesses to strictly follow the order entered by the court in connection with Plaintiff's motions *in limine*.

Plaintiff's Motions in Limine - Page 1
Case No. 3:18-cv-05452-BHS

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

**CERTIFICATION**

Plaintiff certify that they met and conferred in good faith with Amtrak in an attempt to resolve matters that remain in dispute.

**EVIDENCE RELIED UPON**

These motions *in limine* will rely upon pleadings, exhibits, orders, and other documents previously filed in this case.

**MOTIONS IN LIMINE**

**1. Attorney's Personal Beliefs**

Any injection of an attorney's personal beliefs at trial is improper. Similarly, it is improper for an attorney to express his or her own opinions about a witness's veracity. "[A] lawyer's assertion of personal opinion during trial is an example of improper advocacy." *United States v. Swafford,* 766 F.2d 426, 428 (10th Cir. 1985). "It is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience." *United States v. Sanchez-Lima,* 161 F.3d 545, 548 (9th Cir. 1998). Counsel must refrain from making statements and arguments about each side's personal opinions about the evidence in the case. *United States v. Wilkes,* 662 F.3d, 524, 539-40 (9th Cir. 2011).

**2. Exclude Attacks on Opposing Counsel, Including that the Attorneys Have Hired or Worked with Particular Experts in Other Cases**

Any argument or evidence that attempts to try the lawyers, rather than the facts of the case should be precluded. This includes the timing of hiring an attorney, any advertising or wealth of the attorneys, or attacks on counsel on the basis that attorneys have hired or called a witness in this case in another case for another client. Under Washington rules, the client is responsible for the expenses incurred in litigation, including expert witness fees. RPC 1.8(e)(1). Similarly,

Plaintiff's Motions in Limine - Page 2
Case No. 3:18-cv-05452-BHS

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

that a witness, such as a medical doctor, may have been involved only professionally in other cases involving counsel in this case is irrelevant and prejudicial. ER 401-3.

**3. Any Evidence or Argument Regarding the "Good Character" or Other "Good" Acts of Amtrak or Their Respective Witnesses, Including Any Benefit They Provided to Plaintiff After the Derailment**

The Court should exclude evidence regarding the "good character" or other "good" acts of Amtrak or their witnesses.

Under FRE 404(a), evidence of a person's character is not admissible for the purpose of proving action in conformity therewith, with limited exceptions. The rule prohibits the admissibility of character as substantive evidence to defend a claim.

Here, Amtrak should not be allowed to introduce character evidence regarding its "good character" or other "good" acts. These character traits are not pertinent to plaintiff's claims and are inadmissible under FRE 404(a).

For example, Amtrak should not be allowed to discuss any services that it provides to the community, other than offering a commuter rail service. Likewise, the Court should exclude any evidence that the defendant or any other witness provided benefits to plaintiff after the derailment.

This evidence is irrelevant and improper character evidence as it is essentially an argument that the jury should find the defendant less culpable, or reduce plaintiff's damages, because it is a "good" organization, or that the jury should find a witness less culpable or more credible because it has engaged in "good acts" towards plaintiff.

For the foregoing reasons, the Court should exclude evidence regarding the "good character" or other "good" acts of Amtrak and their respective witnesses.

Plaintiff's Motions in Limine - Page 3
Case No. 3:18-cv-05452-BHS

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

Dated: January 27, 2020

                              **ROSSI VUCINOVICH PC**

By: s/*James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
ATTORNEYS FOR PLAINTIFF
1000 Second Avenue, Suite 1780
Seattle, WA 98104
Ph.: 425-646-8003
Fax: 425-646-8004
E-Mail: jvucinovich@rvflegal.com

Plaintiff's Motions in Limine - Page 4
Case No. 3:18-cv-05452-BHS

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I electronically filed the foregoing PLAINITFF'S MOTIONS IN LIMINE with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

Tim D. Wackerbarth
Andrew G. Yates
Warren E. Babb, Jr.
Jeffrey M. Odom
Lane Powell, PC
1420 Fifth Ave, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402

and I hereby certify that I have mailed by U.S. Mail the documents to the following non CM/ECF participants:  NONE

Dated:  January 27, 2020

By: *s/ Jennifer Zagelow*
Jennifer Zagelow

Plaintiff's Motions in Limine - Page 5
Case No. 3:18-cv-05452-BHS

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004